UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS** | **CIVIL ACTION NO.** |
| **VERSUS** | **JUDGE:** |
| **EXCELL MARINE CORPORATION** | **MAGISTRATE JUDGE:** |
| | **SECTION:** |

## COMPLAINT FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes the Board of Commissioners of the Port of New Orleans ("Board"), who respectfully asserts a claim against EXCELL MARINE CORPORATION ("Defendant"), as owner/operator of the vessel TUG WINCHESTER ("Vessel") as follows:

## PARTIES

1. Plaintiff, Board of Commissioners of the Port of New Orleans, is an independent political subdivision of the State of Louisiana, within the jurisdiction of this Court, and at all material times owned the Almonaster Avenue Railroad Bridge (the "Bridge"), located approximately two miles south of Lake Pontchartrain in the Inner Harbor Navigational Canal, and the Morrison Yard Wharf (the "Wharf") located at 7000 Jourdan Road on the east bank of the Inner Harbor Navigation Canal, in Orleans Parish.

2. Defendant, Excell Marine Corporation, is a non-Louisiana entity with its principle business establishment in South Point, Ohio. Defendant is the owner of the TUG WINCHESTER.

## JURISDICTION AND VENUE

3. This is a case of admiralty and maritime jurisdiction, brought under the Admiralty Extension Act, 46 U.S.C. Section 30101, 28 U.S.C. Section 1333, and is an admiralty and maritime

1

claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for maritime tort.

4. The amount in controversy exceeds SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), exclusive of interest and costs.

5. Venue is proper because the damages inflicted were upon property located in this venue.

## FACTS AND ALLEGATIONS

6. On February 8, 2017, the TUG WINCHESTER was pushing the M/V City of New Orleans, an unpowered, unmanned paddleboat, northbound in the Industrial Canal in New Orleans, Louisiana when it approached the Bridge.

7. At approximately 7:00 p.m., the bridge tender raised the Bridge to allow passage to the Vessel. The Vessel proceeded to allide with the Bridge, causing extensive damage to the Bridge and its fendering system.

8. At approximately 8:40 p.m., the Vessel arrived at the south end of the Morrison Yard Wharf and allided with the Wharf, causing extensive damage to the Wharf.

9. The Allisions occurred as a result of the negligence, carelessness, and/or fault of Defendant, as owner/operator of the Vessel, and/or their principal, agent, and/or employee, and/or as a result of unseaworthiness of the Vessel, which was within the privity and knowledge of Defendant, its principals, agents, and/or employees.

10. The Board did not cause or contribute in any way to the Allisions and/or the damages suffered as a result thereof.

11. Further, presumptions of fault against Defendant arise under THE OREGON Rule, THE LOUISIANA Rule, and/or THE PENNSYLVANIA Rule.

12.     The Board seeks compensation for the following non-exclusive damages: damages to the Bridge, damages to the Wharf, and any other property damage, repair costs, dockage and security fees, rent reduction, increased overhead, loss of use, and other economic damages not yet realized and which are reasonable under the circumstances.  The Board additionally seeks punitive damages for the unreasonable, indifferent, reckless, and/or grossly negligent conduct of Defendant. The Board also seeks the costs of these proceedings, including attorneys' fees, pre-judgment interest, post-judgment interest, and to have all expert witness fees taxed as costs of court.

**WHEREFORE,** the Board of Commissioners of the Port of New Orleans respectfully requests that: (1) this Complaint for Damages be deemed good and sufficient; (2) after due proceedings, judgment be entered against Defendant for the full amount of the Board's damages, together with interest from the date of the Allisions; (3) all costs of litigation, including attorneys' fees and expert witness fees, be taxed against Defendants; and (4) the Court grant the Board all other and further relief to which the Board is entitled and which the Court deems just and proper.

Respectfully submitted:

**BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS**

/s/*Gina M. Palermo*
Jean-Paul A. Escudier (Bar No. 29177)
Michelle W. Scelson (Bar No. 33428)
Gina M. Palermo (Bar No. 33307)
Board of Commissioners of the Port of New Orleans
1350 Port of New Orleans Place
New Orleans, Louisiana 70130
Telephone (504) 528-3231
Email:  jpescudier@portnola.com
 michelle.scelson@portnola.com
 gina.palermo@portnola.com

*Attorneys for the Board of Commissioners of the Port of New Orleans*